IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOAN PAUL HIX,
(F.K.A. JOHN PAUL HIX)

    Plaintiff,

v.                                              No. 1:24-cv-175_____

SKS DEVELOPMENT LLC d/b/a
BEST WESTERN PLUS MONTEZUMA INN & SUITES;
TROY DENISON, in his official capacity;
DEBBIE COCA, in her individual and official capacities

    Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, Defendants SKS Development LLC d/b/a Best Western Plus Montezuma Inn & Suites (hereinafter, SKS) and Troy Denison, by and through counsel, Modrall, Sperling, Roehl, Harris & Sisk, P.A. (Jennifer G. Anderson, Tomas J. Garcia and Kateri Garcia West), remove the above-captioned case from the Fourth Judicial District Court for the State of New Mexico, San Miguel County, to the United States District Court for the District of New Mexico. As grounds for removal, Defendants SKS and Denison state the following:

### GROUNDS FOR REMOVAL – FEDERAL QUESTION

1. On April 6, 2022, Plaintiff commenced this action against Defendants Troy Denison, Debbie Coca, and "Best Western Montezuma Inn," a non-existent entity, by filing a Complaint in the Fourth Judicial District Court for the State of New Mexico, San Miguel County, Case Number D-412-CV-2022-00079 (the "State Action"). However, Mr. Denison, Ms. Coca, and "Best Western Montezuma Inn" were never served with summonses or the Complaint and the

default judgment entered against them was set aside. On February 19, 2024, Plaintiff filed an Amended Complaint, naming Mr. Denison, Ms. Coca, and SKS. Undersigned counsel accepted service of process for Mr. Denison and SKS on February 20, 2024. True and correct copies of all pleadings and papers filed and served in the State Action are attached hereto as **Exhibit A.**

2. "Under 28 U.S.C. § 1441, a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally." *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005).

3. One category of cases over which federal district courts have original jurisdiction is "federal question" cases, meaning those cases "arising under the Constitution, laws, or treaties of the United States." *Metro. Life Ins. Co. v. Taylor*, 482 U.S. 58, 63 (1987) (quoting 28 U.S.C. § 1331).

4. Federal question jurisdiction exists when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

5. Plaintiff asserts claims against Defendants for alleged discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, alleged unlawful discriminatory practices under the New Mexico Human Rights Act, NMSA 1978, §§ 28-1-1 to -15 (1969, as amended through 2023) ("NMHRA"), alleged violation of Plaintiff's rights under the New Mexico Constitution, and alleged assault. *See* Exhibit A, Amended Complaint.

6. Because Plaintiff asserts claims arising under federal law, such as Plaintiff's claim for alleged violation of Title VII of the Civil Rights Act of 1964, this Court has original jurisdiction

under 28 U.S.C. § 1331. Defendants may remove this action pursuant to 28 U.S.C. § 1441(a) because it arises under federal law, presents a federal question, and is controlled by federal law.

7. Once federal question jurisdiction exists, the district court may exercise supplemental jurisdiction over "state law claims that derive from a common nucleus of fact." *United Intl. Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1220 (10th Cir. 2000). Plaintiff also asserts state law claims in this case under the NMHRA, the New Mexico Constitution, and state statute. *See* Exhibit A, Amended Complaint at 9-13. These state law claims are based on the same set of operative facts, and form part of the same case or controversy, as Plaintiff's federal claims. *See id.* Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), and they are properly removable under 28 U.S.C. § 1441(c).

8. No responsive pleadings to the Amended Complaint have been filed in the State Action.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because it is the District Court and division embracing the place where this action is pending.

## TIMELINESS OF REMOVAL

10. The Amended Complaint was served on Defendants SKS and Troy Denison on February 20, 2024.

11. This Notice is filed with the Court within thirty (30) days after the date of service of Plaintiff's Amended Complaint on Defendants SKS and Troy Denison. Accordingly, removal of this action is timely pursuant to 28 U.S.C. § 1446(b) and *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

## CONSENT OF ALL PARTIES

12. Consent of all defendants who have been served is required to properly effectuate removal. *See* 28 U.S.C. § 1446(b)(2)(A) (providing that "all defendants who have been properly joined and served must join in or consent to the removal of the action").

13. All defendants that have been served to date have expressly consented to the removal of this action.

14. Upon information and belief, and based on the lack of any proof of service filed by Plaintiff in the State Action, Defendant Debbie Coca has not been served as of the date of this notice. *See* Exhibit A. Therefore, Ms. Coca's consent to removal is not required. *See* 28 U.S.C. § 1446(b)(2)(A).

## NOTICES

15. A copy of this Notice is being filed with the Clerk of the Fourth Judicial District Court, County of San Miguel, New Mexico, and has been served on Plaintiff in accordance with 28 U.S.C. § 1446(d). A copy of the Notice provided to the state court (without exhibits) is attached to this Notice as **Exhibit B.**

16. Pursuant to D.N.M.LR-Civ. 81.1, to the extent not already provided via this Notice, Defendants will file with the Clerk of the United States District Court for the District of New Mexico legible copies of all records and proceedings from the State Action within twenty-eight (28) days after filing this Notice of Removal.

WHEREFORE, for the above-stated reasons, Defendants SKS and Troy Denison respectfully remove this action from the Fourth Judicial District Court, County of San Miguel, New Mexico to the United States District Court for the District of New Mexico.

Respectfully submitted,

MODRALL, SPERLING, ROEHL, HARRIS
   & SISK, P.A.

By: */s/ Tomas J. Garcia*
   Jennifer G. Anderson
   Tomas J. Garcia
   Kateri Garcia West
   500 Fourth Street NW, Suite 1000
   Albuquerque, New Mexico 87102
   Telephone: 505-848-1800
   jennifer.anderson@modrall.com
   tomas.garcia@modrall.com
   kateri.west@modrall.com
   *Attorneys for SKS Development LLC d/b/a*
   *Best Western Plus Montezuma Inn & Suites*
   *and Troy Denison*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on the 22nd day of February 2024, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the notice of electronic filing. We also served counsel by e-mail to:

Derek V. Garcia
Michelle S. Garcia
NM Legal Aid, Inc.
P.O. Box 25486
Albuquerque, New Mexico 87125-5486
derekg@nmlegalaid.org
michelleg@nmlegalaid.org


MODRALL, SPERLING, ROEHL, HARRIS
   & SISK, P.A.

By: */s/ Tomas J. Garcia*
   Tomas J. Garcia

W4993691.DOCX

5