IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOAN PAUL HIX,
(F.K.A. JOHN PAUL HIX)

      Plaintiff,

    v.                                                                                            No. 1:24-cv-00175-KWR-JFR

SKS DEVELOPMENT LLC d/b/a
BEST WESTERN PLUS MONTEZUMA INN & SUITES;
TROY DENISON, in his official capacity;
DEBBIE COCA, in her individual and official capacities

      Defendants.

## MEMORANDUM OPINION AND ORDER

      On March 4, 2024, Defendant SKS Development LLC filed a Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 9), arguing that Plaintiff Joan Paul Hix failed to state a claim for which relief could be granted under Fed.R.Civ.P. 12(b)(6).

      This case is an employment discrimination dispute arising out of Plaintiff's employment with Best Western Plus Montezuma Inn & Suites, located at 2020 N. Grand Avenue in Las Vegas, New Mexico. Plaintiff was hired in December 2020 and terminated on or about January 4, 2021. Doc. 1, Ex. 1, Am. Comp., ¶¶19, 29. Following her termination, Plaintiff filed a Charge of Discrimination with the New Mexico Department of Workforce Solutions, Human Rights Bureau ("HRB") on February 2, 2021. Doc. 9, Ex. 1. Following its investigation, on January 5, 2022, the HRB issued a Letter of Determination, finding no probable cause as to Plaintiff's allegations against Best Western Montezuma Inn. Doc. 9, Ex. 3. Following its determination, Plaintiff sued Defendants in state court and filed an Amended Complaint on February 19, 2024, alleging against all Defendants violations of Article II, § 18 of the New Mexico Constitution; the New Mexico

Human Rights Act; and Title VII of the Civil Rights Act of 1964.  Plaintiff also alleges tortious assault against Defendant Coca.  Doc. 1-1, Am. Comp. at 7-13.

The Court, having considered the motion, briefs, arguments, evidence, and relevant law, concludes that this motion should not be decided on a Rule 12(b)(6) standard, but should be treated as a motion for summary judgment under Rule 56.  Because the parties did not rely on Rule 56 in their briefs, and according to Rule 12(d), the parties should have an opportunity to submit additional material and information pertinent to the motion before the Court.

Rule 12(b)(6) permits the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  Conclusory allegations of liability, without supporting factual content, are insufficient.  "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).  All well-pleaded factual allegations are "viewed in the light most favorable to the nonmoving party."  *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014).

In ruling on a motion to dismiss, "a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).  The Court must draw all reasonable inferences in Plaintiff's favor.  *Kay v. Bemis*, 500

F.3d 1214, 1217 (10th Cir. 2007).  However, mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice.  *Twombly*, 550 U.S. at 555.

Under Rule 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).  "Under Rule 12(d), a court has broad discretion whether to accept material beyond the pleadings or to refuse to accept extra-pleading materials and resolve the motion solely on the pleading itself." *Delopez v. Bernalillo Pub. Sch.*, No. CV 19-735 JCH-KK, 2021 WL 873354 at * 2 (D.N.M. Mar. 9, 2021) citing, *Lowe v. Town of Fairland, Okl.*, 143 F.3d 1378, 1381 (10th Cir. 1998).

Here, Defendant SKS's Motion to Dismiss is partially based on arguments of lack of administrative exhaustion that refer to matters outside the pleadings.  Doc. 9 at 15-17.  A party may move to dismiss under Rule 12(b)(6), for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.  Neither party objects to the consideration of evidence outside of the pleadings.  The Court is not convinced that Rule 12(b)(6) is the correct procedural vehicle upon which to consider Defendant's motion, given the assertion of matters outside the pleadings.  Therefore, out of an abundance of caution, since Defendant relies on evidence outside the Complaint, the Court is inclined to treat Defendant's motion as one for summary judgment.

To ensure that the record is complete, and that the parties have an opportunity to address the standard, this Court will allow the parties fourteen days to submit supplemental filings on the issue it wishes the Court to consider.

**IT IS THEREFORE ORDERED** that the Court will **RESERVE RULING** on Defendant SKS Development LLC's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 9). The Court hereby gives notice of its intent to convert the motion to dismiss into a motion for summary judgment under Rule 12(d). The parties may file supplemental filings within fourteen days from entry of this Memorandum Opinion and Order.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE