IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOAN PAUL HIX,
(F.K.A. JOHN PAUL HIX)

    Plaintiff,

    v.                                                                                                  No. 1:24-cv-00175-KWR-JFR

SKS DEVELOPMENT LLC d/b/a
BEST WESTERN PLUS MONTEZUMA INN & SUITES;
TROY DENISON, in his official capacity;
DEBBIE COCA, in her individual and official capacities

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant SKS Development LLC d/b/a Best Western Plus Montezuma Inn & Suites' ("SKS") Motion to Dismiss Plaintiff's First Amended Complaint, filed March 4, 2024. Doc. 9. On May 30, 2024, this Court converted Defendant SKS's Motion to Dismiss as it related to the issues of service of process and administrative exhaustion under Fed. R. Civ. P. 56 to a motion for summary judgment. Doc. 37. Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendant SKS's Motion to Dismiss is well-taken and, therefore, is **GRANTED IN PART**. The Court dismisses Counts II and III. However, the Court declines to exercise supplemental jurisdiction over the state law claims and remands those claims to state court.

### BACKGROUND AND FACTS[1]

---

[1] As a result of the conversion under Rule 56, the parties submitted supplemental briefs which included statements of undisputed material facts as they relate to the issues of service of process and administrative exhaustion.

This case is an employment discrimination dispute arising out of Plaintiff's employment with Defendant, Best Western Plus Montezuma Inn & Suites, a private hotel in Las Vegas, New Mexico, owned and operated by SKS, a domestic for-profit limited liability company whose members and owners are private individuals. Defendant's Undisputed Material Fact ("UMF") 1 citing, Decl. of Sanjay Bhakta, Doc. 39, Ex. 1 at 121-122, Ex. 2. Best Western Plus Montezuma Inn & Suites is not its own business entity, but rather SKS does business as Best Western Plus Montezuma Inn & Suites. *Id*., Ex. 1 at ¶ 6.

Plaintiff was hired in December 2020 to work in the housekeeping department of Best Western Plus Montezuma Inn & Suites. Defendant's UMF 2 citing, Doc. 39, Ex. 3 ("Am. Comp.") at 215-28. Plaintiff was terminated on or about January 4, 2021. *Id*., Am. Comp. at ¶ 30. Following her termination, Plaintiff consulted with New Mexico Legal Aid staff and attorneys on January 22, 26, 27, and February 1, 2021, regarding this case. Defendant's UMF 3 citing, Doc. 39, Ex. 6 at 22-38. Following her consultation with the New Mexico Legal Aid, Plaintiff filed a Charge of Discrimination with the New Mexico Department of Workforce Solutions, Human Rights Bureau ("HRB") and the U.S. Equal Employment Opportunity Commission ("EEOC") on February 2, 2021. Defendant's UMF 4 citing, Doc. 39, Ex. 7, Ex. 8 at 1-3. Plaintiff named "Best Western Montezuma Inn" as the employer and Respondent in her Charge of Discrimination. *Id*.

On February 9, 2021, the HRB sent a notice regarding Plaintiff's Charge of Discrimination addressed to "Best Western Headquarters", identifying "Best Western Montezuma Inn" as the sole Respondent. Defendant's UMF 5 citing, Ex. 9. On April 20, 2021, the HRB sent a notice of its investigation of Plaintiff's Charge of Discrimination and requested responsive information from "Best Western Montezuma Inn." *Id*. citing, Ex. 10. Following its investigation, on January 5, 2022, the HRB issued a Letter of Determination, finding no probable cause as to Plaintiff's

allegations of disparate treatment based on sex, harassment, and retaliation against Best Western Montezuma Inn.  Defendant's UMF 6 citing, Ex. 11.  The HRB's Letter of Determination instructed, "If you do not file a notice of appeal with the appropriate district court within ninety days of service on you of this determination and properly serve the notice of appeal, as required by § 28-1-13, your notice of appeal may not be considered by the Court."  *Id*.

Plaintiff subsequently filed suit against "Best Western Montezuma Inn," Troy Denison, and "Debbie Coca," in the Fourth Judicial District Court, County of San Miguel, New Mexico on April 6, 2022.  Defendant's UMF 7 citing, Ex. 12.[2]

Defendant asserts that Plaintiff never served the lawsuit on SKS in a manner recognized by the New Mexico Rules of Civil Procedure prior to obtaining default judgment against it.  Defendant's UMF 8, Doc. 39 at 6 citing, Ex. 1 at ¶¶ 8-13; Ex. 2 at ¶¶ 19, 26-29; Ex. 5 at ¶¶ 10-16.  Defendant claims the state court set aside default judgment because none of the Defendants had been properly served.  *Id*. citing, Ex. 14 and 15.  Plaintiff states that she disputes Defendant's UMF 8, claiming that her process server properly served "substantially the same Defendants, operating from **the identical physical location** with SKS DEVELOPMENT, LLC, with a copy of her original Complaint for Employment Discrimination."  Doc. 43 at 4.  Plaintiff claims the returns "clearly demonstrate that Christina Navarrete, Best Western on-duty and front desk **Manager** accepted service for all three named Defendants at the location of 2020 North Grand Ave, Las Vegas, NM 87701."  *Id*. at 4-5.[3]

Plaintiff never served notice on the HRB of her appeal of the HRB's January 5, 2022, Letter of Determination.  Defendant's UMF 9 citing, Ex. 16.

---

[2] Plaintiff states she does not dispute Defendant's UMFs 1-7, 9, 11-12.  Doc. 43 at 4.
[3] This Court finds Plaintiff argues but does not genuinely dispute Defendant's assertion that service of process of the original Complaint did not comply with the New Mexico Rules of Civil Procedure.

Plaintiff filed an Amended Complaint on February 19, 2024, adding several new claims that were not in the original Complaint, and which were not among the claims in Plaintiff's HRB and EEOC Charge of Discrimination and, therefore, never investigated by the HRB. Defendant's UMF 10 citing, Ex. 8, 11, 3 at ¶¶ 60-62, 65.  According to Defendant, Plaintiff's Charge of Discrimination and the resulting HRB investigation and Letter of Determination focused on (1) discrimination on the basis of sex (gender identity), (2) sexual harassment, and (3) retaliation. Defendant's UMF 10 citing, Ex. 3, 8, 11.  However, Plaintiff's Amended Complaint adds claims that (4) Defendants failed to adequately train, instruct, and supervise employees regarding appropriate behavior, (5) that Defendant Denison failed to discipline Defendant Coca when making homophobic comments at Plaintiff, (6) that Defendant Coca assaulted Plaintiff and violated a right to work in a non-hostile work environment, and (7) that SKS's policies, procedures, and customs were the proximate cause of Plaintiff's injuries.  *Id*.  Plaintiff states that she disputes Defendant's UMF 10, insofar as the only changes between the original and amended Complaints concerned legal pleadings, not the underlying factual material.  Doc. 43 at 5.  Plaintiff states all relevant factual material was fully presented to the HRB.  *Id*.  (Plaintiff does not genuinely dispute Defendant's assertion in UMF 10.  Plaintiff's argument that the underlying factual material was consistent between the two Complaints does not materially dispute Defendant's assertion that Plaintiff included additional claims in her Amended Complaint.)

In December 2020 and January 2021, Defendant Coca was a kitchen manager at Best Western Plus Montezuma Inn & Suites and filled in on occasion to supervise housekeeping when the housekeeping supervisor, Elaine Gonzales, was off duty. Defendant's UMF 11 citing, Ex. 4 at ¶¶ 15, 26.  Plaintiff alleges she "overheard Defendant Coca having a telephone conversation" when Defendant Coca used a derogatory term to describe Plaintiff, and then assaulted Plaintiff when she

"confronted Defendant Coca about her offensive statements[.]" Defendant's UMF 12 citing, Am. Comp. at ¶¶ 19, 22.

The First Amended Complaint has been properly served on all Defendants, with an extra copy of the current appeal served upon the New Mexico Human Rights Bureau. Plaintiff's UMF A citing, Doc. 1-1 at 229, Ex. D. The State District Court, prior to Removal, accepted jurisdiction and wished to proceed forward to a scheduling conference, mediation, and eventual resolution on the merits. Plaintiff's UMF B citing, Ex. B. Plaintiff asserts Defendants accepted jurisdiction in the United States District Court for the District of New Mexico through removal from the New Mexico State Court and filing answers to the First Amended Complaint. Doc. 43 at 5. Plaintiff complained to General Manager Denison about Defendant Coca's offensive statements, scrutiny, and abuse, yet corrective action was not taken. Plaintiff's UMF D citing, Doc. 22-1 at 21.[4]

Following the HRB's determination, Plaintiff sued Defendants in state court and filed an Amended Complaint on February 19, 2024, alleging against all Defendants violations of Article II, § 18 of the New Mexico Constitution; the New Mexico Human Rights Act; and Title VII of the Civil Rights Act of 1964. Defendants SKS and Troy Denison removed this case to this Court. Doc. 1. Defendant SKS seeks to dismiss all claims for failure to state a claim under Fed.R.Civ.P. 12(b)(6).

## LEGAL STANDARD

Rule 12(b)(6) permits the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Fed.

---

[4] Defendant argues that Plaintiff's assertions in Plaintiff's UMFs A-D are immaterial to the instant motion. Doc. 45 at 6-7. Namely, (1) whether Amended Complaint was properly served is immaterial to the failure to serve the original Complaint, (2) the state court's acceptance of jurisdiction is irrelevant to the motion at issue, (3) removal to federal court does not preclude this Court from having jurisdiction to rule on the motions to dismiss at issue, and (4) Plaintiff's possible complaints are irrelevant to this motion. *Id.* at 6-8. This Court agrees.

R. Civ. P. 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Conclusory allegations of liability, without supporting factual content, are insufficient. "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). All well-pleaded factual allegations are "viewed in the light most favorable to the nonmoving party." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014).

In ruling on a motion to dismiss, "a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). The Court must draw all reasonable inferences in Plaintiff's favor. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). However, mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555.

Under Rule 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). "Under Rule 12(d), a court has broad discretion whether to accept material beyond the pleadings or to refuse to accept extra-pleading materials and resolve the motion solely on the pleading itself." *Delopez v. Bernalillo Pub. Sch.*, No. CV 19-735 JCH-KK, 2021 WL 873354 at * 2 (D.N.M. Mar. 9, 2021) citing, *Lowe*

6

*v. Town of Fairland, Okl.*, 143 F.3d 1378, 1381 (10th Cir. 1998). "A Rule 12(b)(6) motion must be treated as a motion for summary judgment if matters outside the pleading are presented to and not excluded by the Court." *Hartleib v. Weiser L. Firm, P.C.*, 861 F. App'x 714, 719 (10th Cir. 2021).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it could have an effect on the outcome of the suit. *See Smothers v. Solvay Chemicals, Inc.*, 740 F.3d 530, 538 (10th Cir. 2014). "A dispute over a material fact is genuine if a rational jury could find in favor of the nonmoving party on the evidence presented." *Id.* (quoting *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013)).

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Shapolia v. Los Alamos Nat. Lab'y*, 992 F.2d 1033, 1036 (10th Cir. 1993). Once the moving party meets its initial burden, the non-movant cannot "rest on the pleadings[,] but must set forth specific facts by reference to affidavits, deposition transcripts, or other exhibits to support the claim." *See Serna v. Colorado Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial," and the moving party will be entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

On summary judgment, a court is to view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *See Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007). A court cannot weigh the evidence and determine the truth of the matter, but instead, must determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

**ANALYSIS**

**I.      Counts II and III Are Dismissed for Failure to Exhaust Administrative Remedies**

Defendant moves to dismiss Counts II and III, arguing Plaintiff failed to exhaust her administrative remedies.  Doc. 9 at 14-19.  On May 30, 2024, this Court converted Defendant's Motion to Dismiss under Rule 12(b)(6) as it related to administrative exhaustion via Rule 12(d) to a motion for summary judgment under Rule 56, because both parties requested that the Court consider evidence outside of the complaint.  Plaintiff did not object to the conversion under Rule 12(d) nor did she request Rule 56(d) discovery.  This Court agrees with Defendant; Counts II and III must be dismissed for failure to exhaust administrative remedies.

A plaintiff's exhaustion of administrative remedies is a non-jurisdictional precedent to suit. *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1182-85 (10th Cir. 2018).  "Although the filing of an EEOC charge is not jurisdictional, it is a statutory requirement, and if a plaintiff fails to comply with it, an employer may raise failure to exhaust as an affirmative defense." *Clark v. 10 Roads Express, LLC*, No. 23-3067, 2023 WL 6997397 *1 (10th Cir. Oct. 24, 2023) citing, *Id*.  "Title VII creates a work-sharing deferral system between the EEOC and the states that have their own employment discrimination legislation." *Gerald v. Locksley*, 785 F. Supp. 2d 1074, 1088 (D.N.M. 2011) citing, 42 U.S.C. § 2000e–5(c), (d).  "In the states that possess their own employment discrimination legislation, the EEOC must generally "defer" to state or local remedies." *Id*. citing, *EEOC v. Superior Temp. Servs., Inc.*, 56 F.3d 441, 447 (2d Cir.1995).  "The NMHRA places New Mexico among those states that have their own employment discrimination legislation and contact agencies." *Id*. citing, 29 C.F.R. § 1601.74 (2005).  "In New Mexico, a complainant can, upon meeting filing requirements, proceed with his or her grievance either through the EEOC or through the New Mexico Human Rights Division ("NMHRD")." *Id*. citing, *Mitchell–Carr v. McLendon*,

8

127 N.M. 282, 286–87, 980 P.2d 65, 69–70 (1999).  Once a person proceeds with a complaint under state law, the New Mexico Human Rights Act controls the grievance procedure.  *Id*. citing, *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. at 109, 122 S.Ct. 2061.  The New Mexico Human Rights Act allows individuals to bring suit in an appropriate district after exhausting administrative remedies.  *Luboyeski v. Hill*, 117 N.M. at 382, 872 P.2d at 355.  To bring suit under the NMHRA in a district court, a plaintiff must exhaust administrative remedies as to all defendants named in the lawsuit*.  Luboyeski*, 117 N.M. at 383, 872 P.2d at 356.

Title VII prohibits an employer from "fail[ing] or refus[ing] to hire or ... discharg[ing] any individual, or otherwise ... discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1).  "Under long-standing [Tenth] [C]ircuit precedent, supervisors and other employees may not be held personally liable under Title VII."  *Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1083 n. 9 (10th Cir.2007).  *See Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir.1996).

To exhaust administrative remedies under the New Mexico Human Rights Act, a complainant must first file a written charge of discrimination.  Under N.M. Stat. Ann. § 28-1-10, "[a] person claiming to be aggrieved by an unlawful discriminatory practice and a member of the commission who has reason to believe that discrimination has occurred may file with the human rights division of the labor department a written complaint that shall state the name and address of the person alleged to have engaged in the discriminatory practice, all information relating to the discriminatory practice and any other information that may be required by the commission. All complaints shall be filed with the division within three hundred days after the alleged act was committed."  Following the filing of a charge of discrimination, "[t]he director shall advise the

respondent that a complaint has been filed against the respondent and shall furnish the respondent with a copy of the complaint." *Id*. Once a determination is made, under the NMHRA, "a person can only appeal from an order of the Division…[and] the person who filed the complaint may request, and shall receive, an order of nondetermination, which he or she may appeal to the district court for a trial de novo under Sec. 28-1-13(A). An order of nondetermination signals that the person who filed the complaint has fully complied with the NMHRA grievance procedures and may proceed to court." *Mitchell-Carr v. McLendon*, 1999-NMSC-025, 127 N.M. 282, 980 P.2d 65 citing, Section 28–1–13(A). "[F]ull compliance with NMHRA grievance procedures [is] a prerequisite to filing [an NMHRA] claim in district court." *Id*. citing, *Sabella*, 1996–NMSC–014, ¶ 9, 121 N.M. 596, 915 P.2d 901; accord *Luboyeski*, 117 N.M. at 382, 872 P.2d at 355; *Jaramillo*, 102 N.M. at 273, 694 P.2d at 529. "[T]he district court must dismiss an NMHRA claim if the prerequisites of obtaining an order from the Division and appealing that order within thirty days are not satisfied." *Id*. citing, *Jaramillo*, 102 N.M. at 273, 694 P.2d at 529.

"[A] complaint is not dismissed for failure to exhaust unless such failure is clear on the face of the complaint." *Morales v. Supreme Maint. Inc.*, No. 121CV01044KWRJHR, 2022 WL 2290605 * 4 (D.N.M. June 24, 2022) citing, *Morales v. Runyon*, 844 F. Supp. 1435, 1436 (D. Kan. 1994). "A plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue-letter." *Sanderson v. Wyo. Highway Patrol*, 976 F.3d 1164, 1170 (10th Cir. 2020). "This exhaustion requirement serves "two principal purposes: 1) to give notice of the alleged violation to the charged party; and 2) to give the EEOC an opportunity to conciliate the claim, which effectuates Title VII's goal of securing voluntary compliance."" *Clark*, No. 23-3067, 2023 WL 6997397 *1 (10th Cir. Oct. 24, 2023) citing, *Smith v. Cheyenne Ret. Inv. L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018). "To advance

10

these purposes[,] a plaintiff's claim in court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *Id*. citing, *Sanderson*, 976 F.3d at 1170. "We liberally construe charges filed with the EEOC in determining whether administrative remedies have been exhausted as to a particular claim." *Jones v. United Parcel Serv., Inc.*, 502 F.3d at 1186.

Under *National Railroad Passenger Corp. v. Morgan*, each discrete act of discrimination must be administratively exhausted. "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. at 114, 122 S.Ct. 2061. Therefore, in balancing liberally construing discrimination charges and the exhaustion requirements, "[a] plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC ...." We emphasize, however, that our inquiry is limited to the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory acts alleged in the administrative charge. In other words, the charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim; this follows from the rule that "each discrete incident" of alleged discrimination of retaliation "constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted." *Jones v. United Parcel Service*, 502 F.3d at 1186.

Here, this Court finds Plaintiff failed to exhaust her administrative remedies in several ways as to Counts II and III prior to the filing of this suit upon Defendant's assertion of this affirmative defense. Doc. 1, Ex. 1, at 102-56, Doc. 9 at 5, 14-19; *Smith*, 904 F.3d at 1164.

First, Plaintiff did not name Defendant SKS Development, LLC as a Respondent in her Charge of Discrimination presented to the HRB, FEPA, and EEOC, but rather, listed "Best Western Montezuma Inn." Doc. 1-1, at 95. In her Charge of Discrimination filing presented to HRB, FEPA, and EEOC, Plaintiff listed Best Western Montezuma Inn as the only Respondent and failed to list SKS Development, LLC in her Statement of Harm. Doc. 1-1, at 95. "[I]f a party is not named in an EEOC charge, it cannot be sued under the federal discrimination laws." *Bassett v. Sinterloy Corp.*, No. 01 C 3141, 2002 WL 1888477 *6 (N.D. Ill. Aug. 15, 2002) citing, *Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597, 604 (7th Cir.2001); *see also* 42 U.S.C. § 2000e–5(f)(1); *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 127 (7th Cir.1989). Furthermore, "if a parent organization is not named in a plaintiff's EEOC charge, the parent must be dismissed from the suit unless the plaintiff can show: (1) the parent had notice of the claim against it; and (2) the parent had the opportunity to conciliate on its own behalf." *Id*. In addition to failing to list SKS Development, LLC in her Charge of Discrimination, in her Amended Complaint, Plaintiff acknowledges that SKS Development, LLC and Best Western Plus Montezuma Inn & Suites are separate legal entities. Am. Comp., at ¶¶6-7. Plaintiff states that SKS Development, LLC is a registered entity with the State of New Mexico, sharing the 2020 N. Grand Ave., Las Vegas, NM 87701 address with Best Western Plus Montezuma Inn & Suites, the former having its own, separate mailing address. *Id*. However, Plaintiff then states that Best Western Plus Montezuma Inn & Suites is an unregistered domestic, for-profit entity or corporation, with separate business and operational accounts from SKS Development, LLC. *Id*. While Plaintiff states that SKS Development, LLC owns and operates Best Western Plus Montezuma Inn & Suites, as Plaintiff acknowledges, they are separate legal entities.

Because Plaintiff did not file a Charge of Discrimination with the HRB or EEOC against Defendant SKS, this Court finds SKS did not have notice of the claims against it. First, upon filing her Charge of Discrimination, the Notice to Respondent sent by the HRB was sent to Best Western Headquarters at 6201 North 24th Parkway, Phoenix, AZ 85016. Doc. 9, Ex. B. Such a letter, for the purpose of providing notice, was not sent to SKS Development, LLC at 2020 N. Grand Ave., Las Vegas, NM 87701. *Id*. Upon the conclusion of its investigation, HRB's Letter of Determination, which also omits Defendant SKS Development, LLC, listed only Best Western Montezuma Inn/Troy Denison as the affiliated parties. Doc. 1-1 at 102-103. Despite this, Plaintiff asserts that SKS Development, LLC received proper notice of the HRB claims against it, citing the Summons return delivered to Christina Navarrete, a manager at the Best Western Montezuma Inn. Doc. 23 at 8 citing, Doc. 1-1 at 10, 17, 43. The Summons Plaintiff refers to as proof of SKS's notice, (1) does not list SKS Development, LLC as a Defendant and (2) occurred well after Plaintiff had already filed her Charge of Discrimination with the HRB and after HRB's dismissal of Plaintiff's allegations. Doc. 1-1 at 10, 17, 43, 97, 100-104.

Second, even if Plaintiff had included Defendant SKS in her initial HRB Charge of Discrimination, Plaintiff failed to properly serve Defendant SKS and the New Mexico Human Rights Bureau with a notice of appeal as required by statute. After a determination, under the NMHRA, a copy of the notice of appeal must be served on all parties at their last known address. NMSA 1978 § 28-1-13(A). Furthermore, a notice of appeal must be served at the division in Santa Fe. *Id*. Even if Plaintiff had properly filed a Charge of Discrimination against Defendant SKS, Plaintiff failed to provide a notice of appeal as required by statute to Defendant SKS and the New Mexico Human Rights Bureau as required by NMSA 1978 § 28-1-13(A). It is undisputed that when Plaintiff filed her original Complaint, she did not properly serve it on Defendant SKS

13

personally, through a registered agent, or via certified mail. *Id.*; Defendant's UMFs 7-8. Defendant's UMF 8 states that Plaintiff never served the original Complaint in a manner recognized by the New Mexico Rules of Civil Procedure prior to obtaining default judgment, which led the state court to setting aside default judgment. Doc. 39 at 6 citing, S. Bhakta Dec., Exhibit 1, ¶¶ 8-13; K. Bhakta Dec., Exhibit 2, ¶¶ 19, 26-29; Navarette Dec., Exhibit 5, ¶¶ 10-16, Doc. 39, Ex. 14, 15. Plaintiff does not genuinely dispute this, but rather asserts that the process server served the same Defendants operating from the same physical location as SKS Development, LLC via Manager Christina Navarrete. Doc. 43 at 4-5. Such an argument does not establish or attempt to establish that Defendant complied with NMSA 1978 § 28-1-13(A) by serving her Complaint on Defendant through a registered agent or via certified mail.

Furthermore, Plaintiff does not dispute that she never served notice on the HRB of her appeal of the January 5, 2022, Letter of Determination. Defendant's UMF 9, Doc. 39 at 6 citing, 8/24/2023 request to the HRB under the New Mexico Inspection of Public Records Act, NMSA 1978, §§ 14-2-1 to -12, Doc. 1 at 155-56. This too is a defect in the administrative exhaustion process and does not satisfy the requirements of NMSA 1978 § 28-1-13(A).

Even if Plaintiff had properly filed a Charge of Discrimination against Defendant and served the HRB and Defendant with a notice of appeal, this Court also finds Plaintiff failed to exhaust her administrative remedies as to each claim she now asserts against Defendant in Counts II and III. In her Charge of Discrimination, Plaintiff filed claims alleging (1) disparate treatment based on sex, (2) harassment, and (3) retaliation. Defendant's UMF 6 citing, Ex. 11 at 152-54. Plaintiff's Charge of Discrimination specifically states, "My supervisor Debi remarked that she was surprised that the General Manager Troy had hired me because he doesn't usually hire male housekeepers. I am a transgender woman. Debi subjected me to disparate terms and conditions

than the other housekeepers. I was made to scrub the floor by hand. The other housekeepers were allowed to use swiffers. Debi harassed me and was critical of my work. There was discussion among the staff that Debi was "picking on John". When I was supervised by Elaine I received no negative feedback about my work. I was always early for my scheduled shifts. On 1/3/2021 Debi followed me into a room and yelled at me, calling me stupid. I was making a bed, and Debi backed me into the bed and raised her clipboard towards me. I reported the harassment and assault to Elaine, Christina, and Troy. I was told if I felt that I had been assaulted I should clock out and go home. On 1/04/2021 Christina told me that I should have called the police. She then terminated my employment. When I asked her why she stated "because of the drama"." Doc. 1 at 100. However, Plaintiff's Amended Complaint includes allegations that Defendants failed to adequately instruct, train, supervise, or terminate employees; that Defendant Denison failed to discipline Defendant Coca; a hostile work environment; and tortious assault. Defendant's UMF 10 citing, Am. Comp. at ¶¶ 60-62, 65. Because Plaintiff's Amended Complaint includes allegations not included in her Charge of Discrimination, this Court finds here too, Plaintiff failed to exhaust her administrative remedies.

Ultimately, "full compliance with NMHRA grievance procedures [is] a prerequisite to filing [an NMHRA] claim in district court." *Mitchell-Carr*, 127 N.M. at 287 citing, *Sabella*, 1996–NMSC–014, ¶ 9, 121 N.M. 596, 915 P.2d 901; accord *Luboyeski*, 117 N.M. at 382, 872 P.2d at 355; *Jaramillo*, 102 N.M. at 273, 694 P.2d at 529. Because Plaintiff has not complied with the administrative exhaustion requirements in several ways including, (1) failing to file a Charge of Discrimination against Defendant SKS, (2) failing to serve notice of appeal on Defendant as required by law, (3) failing to serve notice of appeal on the New Mexico Human Rights Bureau as required by law, and (4) failing to include in her Charge of Discrimination allegations contained

in her Amended Complaint; this Court must dismiss Counts II and III for a lack of administrative exhaustion. *Luboyeski*, 1994-NMSC-032, ¶ 7; *Gerald v. Locksley*, 785 F. Supp. 2d at 1110. Plaintiff has not asserted material facts that genuinely dispute the administrative exhaustion of her claims as against this Defendant. This Court finds there is no genuine dispute of material fact, and Defendant is entitled to judgment as a matter of law. Accordingly, Counts II and III must be dismissed.

### II. This Court Declines to Exercise Supplemental Jurisdiction Over Remaining State Law Claims

Defendants removed this case to this Court on the basis of federal question jurisdiction, and no party has asserted diversity jurisdiction.

Plaintiff's remaining state law claims do not "turn on substantial questions of federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005). Under the *Grable* doctrine, "a federal court [is] able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable*, 545 U.S. at 312. That is to say, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Here, any "federal interest is not critical enough to trigger substantial-question jurisdiction because… whatever federal issues exist do not fundamentally change the state tort nature of the action." *Bd. of Cnty. Commissioners of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1270 (10th Cir. 2022), cert. denied, 143 S. Ct. 1795, 215 L. Ed. 2d 678 (2023) (internal quotation marks and citation omitted).

Moreover, nothing in the record suggests that diversity jurisdiction might exist. No party has suggested that diversity jurisdiction exists. Defendants did not remove on the basis of diversity jurisdiction.

Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining

jurisdiction.

Furthermore, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Amer. v. Gibbs*, 383 U.S. at 726, 86 S.Ct. 1130 (footnote omitted). The Court has dismissed all claims over which it has original jurisdiction. § 1367(c). The Court, in its discretion, declines to exercise supplemental jurisdiction over the state law claims.

When declining to exercise supplemental jurisdiction, a district court may dismiss the state law claims without prejudice or remand the claims to state court. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351, 108 S. Ct. 614, 619, 98 L. Ed. 2d 720 (1988). Because this case was removed to this court from state court, the Court finds remand of the state law claims, rather than dismissal, appropriate.

### III. This Court Denies Plaintiff's Request for Leave to Amend the First Amended Complaint

Plaintiff asks for leave to file a Second Amended Complaint since this Court has not denied Defendant's Motion.  Doc. 23 at 10-11.  This Court denies Plaintiff's request.

Under Fed.R.Civ.P. 15(a), a party may amend its pleading more than once "only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2).  "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) citing, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971).  The purpose of Rule 15(a) is to provide litigants with "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Id.* citing, *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir.1982).  "A proposed amendment to a pleading must accompany the motion to amend." D.N.M. LR-Civ. 15.1.

Here, Plaintiff has not included a proposed amendment to a pleading, but rather, moves for "[a] naked request for leave to amend…as alternative relief." *Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989).  Furthermore, a plaintiff seeking to amend a complaint "must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment before the court is required to recognize that a motion for leave to amend is before it." *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186-87 (10th Cir. 1999).  "Without this information the district court is not required to recognize, let alone grant, a motion to amend." *Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009).  Plaintiff has not given adequate notice of a proposed amendment and has already previously amended her Complaint.  Plaintiff's Complaint has not been dismissed based on procedural niceties nor does this Court believe it is possible Plaintiff can correct defects in her Amended Complaint.  Furthermore, there

are several grounds for this Court's denial – repeated failure to cure deficiencies by previous amendments, undue prejudice to Defendants, and futility of amendment. *Triplett v. LeFlore Cnty., Okl.*, 712 F.2d 444, 446 (10th Cir. 1983) citing, *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 230 (1962). Therefore, this Court denies Plaintiff's request for leave to amend.

## CONCLUSION

For the reasons stated above, the Court grants in part Defendant SKS Development, LLC's Motion to Dismiss on Plaintiff's New Mexico Human Rights Act and Title VII of the Civil Rights Act of 1964 claims (Counts II and III). The Court declines to exercise supplemental jurisdiction over the remaining state law claims, and remands those claims to the Fourth Judicial District Court, San Miguel County, New Mexico.

**IT IS THEREFORE ORDERED** that Defendant SKS Development, LLC's Motion to Dismiss (Doc. 9) is hereby **GRANTED IN PART** as described above.

**IT IS FINALLY ORDERED** that the Court declines to exercise supplemental jurisdiction over the remaining state law claims against Defendant and **REMANDS** those claims (Count I) to the Fourth Judicial District Court, San Miguel County, New Mexico. The Clerk of the Court is directed to take the necessary actions to remand the case.

    /S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE