## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

JOAN PAUL HIX,
(F.K.A. JOHN PAUL HIX)

      Plaintiff,

    v.                             No. 1:24-cv-00175-KWR-JFR

SKS DEVELOPMENT LLC d/b/a
BEST WESTERN PLUS MONTEZUMA INN & SUITES;
TROY DENISON, in his official capacity;
DEBBIE COCA, in her individual and official capacities

      Defendants.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant Troy Denison's Motion to Dismiss Plaintiff's First Amended Complaint, filed March 4, 2024.  Doc. 10.  Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendant Denison's Motion to Dismiss is well-taken and, therefore, is **GRANTED IN PART**.  The Court dismisses Counts II and III.  However, the Court declines to exercise supplemental jurisdiction over the state law claims and remands those to state court.

### BACKGROUND

This case is an employment discrimination dispute arising out of Plaintiff's employment with Best Western Plus Montezuma Inn & Suites, located at 2020 N. Grand Avenue in Las Vegas, New Mexico.  Plaintiff was hired in December 2020 and terminated on or about January 4, 2021.  Doc. 1, Ex. 1, Am. Comp., ¶¶19, 29.  Following her termination, Plaintiff filed a Charge of Discrimination with the New Mexico Department of Workforce Solutions, Human Rights Bureau

("HRB") on February 2, 2021.  Doc. 9, Ex. 1.  Plaintiff named "Best Western Montezuma Inn" in her Charge of Discrimination, alleging discrimination based on sex, retaliation, and gender identity.  *Id.*  Following its investigation, on January 5, 2022, the HRB issued a Letter of Determination, finding no probable cause as to Plaintiff's allegations against Best Western Montezuma Inn.  Doc. 9, Ex. 3.  Following its determination, Plaintiff sued Defendants in state court and filed an Amended Complaint on February 19, 2024, alleging against all Defendants violations of Article II, § 18 of the New Mexico Constitution; the New Mexico Human Rights Act, Title VII of the Civil Rights Act of 1964.  Defendants SKS Development LLC d/b/a Best Western Plus Montezuma Inn & Suites ("SKS") and Troy Denison removed this case to this Court.  Doc. 1.  Defendant Denison seeks to dismiss all claims for failure to state a claim under Fed.R.Civ.P. 12(b)(6).

## LEGAL STANDARD

Rule 12(b)(6) permits the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  Conclusory allegations of liability, without supporting factual content, are insufficient.  "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).  All well-pleaded factual

allegations are "viewed in the light most favorable to the nonmoving party." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014).

In ruling on a motion to dismiss, "a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). The Court must draw all reasonable inferences in Plaintiff's favor. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). However, mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555.

## ANALYSIS

## I.     Counts II and III are Dismissed for Failure to Exhaust Administrative Remedies

Defendant moves to dismiss Plaintiff's claim asserted under Counts II and III, arguing Plaintiff failed to exhaust her administrative remedies. Doc. 10 at 9. This Court agrees with Defendant; Counts II and III must be dismissed for failure to exhaust administrative remedies.

A plaintiff's exhaustion of administrative remedies is a non-jurisdictional precedent to suit. *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1182-85 (10th Cir. 2018). "Title VII creates a work-sharing deferral system between the EEOC and the states that have their own employment discrimination legislation." *Gerald v. Locksley*, 785 F. Supp. 2d 1074, 1088 (D.N.M. 2011) citing, 42 U.S.C. § 2000e–5(c), (d). "In the states that possess their own employment discrimination legislation, the EEOC must generally "defer" to state or local remedies." *Id*. citing, *EEOC v. Superior Temp. Servs., Inc.*, 56 F.3d 441, 447 (2d Cir.1995). "The NMHRA places New Mexico among those states that have their own employment discrimination legislation and contact agencies." *Id*. citing, 29 C.F.R. § 1601.74 (2005). "In New Mexico, a complainant can, upon meeting filing requirements, proceed with his or her grievance either through the EEOC or through

the New Mexico Human Rights Division ("NMHRD")." *Id*. citing, *Mitchell–Carr v. McLendon*, 127 N.M. 282, 286–87, 980 P.2d 65, 69–70 (1999). Once a person proceeds with a complaint under state law, the New Mexico Human Rights Act controls the grievance procedure. *Id*. citing, *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. at 109, 122 S.Ct. 2061. The New Mexico Human Rights Act allows individuals to bring suit in an appropriate district after exhausting administrative remedies. *Luboyeski v. Hill*, 117 N.M. at 382, 872 P.2d at 355. To bring suit under the NMHRA in a district court, a plaintiff must exhaust administrative remedies as to all defendants named in the lawsuit. *Luboyeski*, 117 N.M. at 383, 872 P.2d at 356.

Title VII prohibits an employer from "fail[ing] or refus[ing] to hire or ... discharg[ing] any individual, or otherwise ... discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). "Under long-standing [Tenth] [C]ircuit precedent, supervisors and other employees may not be held personally liable under Title VII." *Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1083 n. 9 (10th Cir.2007). *See Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir.1996).

To exhaust administrative remedies under the New Mexico Human Rights Act, a complainant must first file a written charge of discrimination. Under N.M. Stat. Ann. § 28-1-10, "[a] person claiming to be aggrieved by an unlawful discriminatory practice and a member of the commission who has reason to believe that discrimination has occurred may file with the human rights division of the labor department a written complaint that shall state the name and address of the person alleged to have engaged in the discriminatory practice, all information relating to the discriminatory practice and any other information that may be required by the commission. All complaints shall be filed with the division within three hundred days after the alleged act was

committed." Following the filing of a charge of discrimination, "[t]he director shall advise the respondent that a complaint has been filed against the respondent and shall furnish the respondent with a copy of the complaint." *Id*. Once a determination is made, under the NMHRA, "a person can only appeal from an order of the Division…[and] the person who filed the complaint may request, and shall receive, an order of nondetermination, which he or she may appeal to the district court for a trial de novo under Sec. 28-1-13(A). An order of nondetermination signals that the person who filed the complaint has fully complied with the NMHRA grievance procedures and may proceed to court." *Mitchell-Carr v. McLendon*, 1999-NMSC-025, 127 N.M. 282, 980 P.2d 65 citing, Section 28–1–13(A). "[F]ull compliance with NMHRA grievance procedures [is] a prerequisite to filing [an NMHRA] claim in district court." *Id*. citing, *Sabella*, 1996–NMSC–014, ¶ 9, 121 N.M. 596, 915 P.2d 901; accord *Luboyeski*, 117 N.M. at 382, 872 P.2d at 355; *Jaramillo*, 102 N.M. at 273, 694 P.2d at 529. "[T]he district court must dismiss an NMHRA claim if the prerequisites of obtaining an order from the Division and appealing that order within thirty days are not satisfied." *Id*. citing, *Jaramillo*, 102 N.M. at 273, 694 P.2d at 529.

"[A] complaint is not dismissed for failure to exhaust unless such failure is clear on the face of the complaint." *Morales v. Supreme Maint. Inc.*, No. 121CV01044KWRJHR, 2022 WL 2290605 * 4 (D.N.M. June 24, 2022) citing, *Morales v. Runyon*, 844 F. Supp. 1435, 1436 (D. Kan. 1994). On the face of the Amended Complaint, Plaintiff refers to the HRB's conclusions, Plaintiff's initial Charge of Discrimination, Defendant Denison's written response, and HRB's Letter of Determination. Am. Comp., at ¶¶34-38. The Court can consider these documents because Plaintiff refers to them in her Amended Complaint, they are central to her claims, and neither party disputes their authenticity. *Morales*, No. 121CV01044KWRJHR, 2022 WL 2290605 * 4 citing, *Martin v. Cent. States Emblems, Inc.*, 150 F. App'x 852, 857 (10th Cir. 2005) ("a court

may review documents referred to in a complaint if the document is central to the plaintiff's claim and the parties do not dispute the authenticity of the documents," without converting a motion to dismiss into a motion for summary judgment).

"Although the filing of an EEOC charge is not jurisdictional, it is a statutory requirement, and if a plaintiff fails to comply with it, an employer may raise failure to exhaust as an affirmative defense." *See Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018).   "A plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue-letter." *Sanderson v. Wyo. Highway Patrol*, 976 F.3d 1164, 1170 (10th Cir. 2020).  "This exhaustion requirement serves "two principal purposes: 1) to give notice of the alleged violation to the charged party; and 2) to give the EEOC an opportunity to conciliate the claim, which effectuates Title VII's goal of securing voluntary compliance.""  *Clark v. 10 Roads Express*, LLC, No. 23-3067, 2023 WL 6997397 *1 (10th Cir. Oct. 24, 2023) citing, *Smith v. Cheyenne Ret. Inv. L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018).  "To advance these purposes[,] a plaintiff's claim in court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC."  *Id.* citing, *Sanderson*, 976 F.3d at 1170.  "We liberally construe charges filed with the EEOC in determining whether administrative remedies have been exhausted as to a particular claim." *Jones v. United Parcel Serv., Inc.*, 502 F.3d at 1186. "This more lenient pleading standard contemplates the fact that administrative charges of unlawful employment practices are regularly filled out by employees who do not have the benefit of counsel." *Mitchell v. City and County of Denver*, 112 Fed.Appx. 662, 667 (10th Cir.2005). However, under *National Railroad Passenger Corp. v. Morgan*, each discrete act of discrimination must be administratively exhausted.  "Discrete acts such as termination, failure to promote, denial

of transfer, or refusal to hire are easy to identify.  Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. at 114, 122 S.Ct. 2061.  Therefore, in balancing liberally construing discrimination charges and the exhaustion requirements, "[a] plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC ...." We emphasize, however, that our inquiry is limited to the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory acts alleged in the administrative charge. In other words, the charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim; this follows from the rule that "each discrete incident" of alleged discrimination of retaliation "constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted."  *Jones v. United Parcel Service*, 502 F.3d at 1186.

Here, this Court finds Plaintiff failed to exhaust her administrative remedies against Defendant Denison in several ways as to Counts II and III prior to the filing of this suit given Defendant's assertion of this affirmative defense.  Doc. 10 at 3; *Smith*, 904 F.3d at 1164.

First, in her HRB filing, Plaintiff only listed "Best Western Montezuma Inn" as a Respondent; Plaintiff did not list Defendant Denison as a Respondent in this filing or file a separate complaint against him.  Doc. 1-1 at 100.  Plaintiff then checked off boxes alleging discrimination based on sex, retaliation, and gender identity.  Doc. 1-1 at 100.  In her Statement of Harm, Plaintiff refers to Defendant Denison in two instances.  First, Plaintiff states her supervisor, "Debi", remarked she was surprised General Manager Troy (Defendant Dension) had hired her because of her sex.  *Id*.  Plaintiff then later states that she reported the harassment and assault to Elaine, Christina, and Troy (Defendant Denison).  *Id*.  Subsequently, in her Amended Complaint, Plaintiff

7

accuses Defendant Denison of discriminating against her on the basis of gender identity; failing or refusing to conduct a reasonable investigation into Plaintiff's disparate treatment complaint; failure to adequately train, instruct, or supervise employees; and failure to take adequate disciplinary action when Defendant Coca made a homophobic comment.  Am. Comp. at ¶¶ 59-61, 71.

In her Response to Defendant's Motion, Plaintiff argues "[b]ecause Defendant Denison proceeded in front of the state Human Rights Bureau by filing a written response on behalf of his direct employer Best Western and SKS Development, LLC, and because Denison was served at his identical place of employment, with the original Complaint, and at his last known address, dismissing Denison as personally named Defendant is improper...Similarly, Defendant Denison was named personally in the original Charge of Discrimination filed with the HRB, was copied to all correspondence by the HRB in all relevant proceedings, and Defendant Denison proceeded to act as an agent of his employer in filing a written response."  Doc. 22 at 7.

First, while Courts are required to liberally construe charges of discrimination, here, Plaintiff never filed an HRB Charge of Discrimination against Defendant Denison.  Plaintiff listed "Best Western Montezuma Inn" as the Respondent on her form – not Defendant Denison.  "As a general rule, a plaintiff must file a charge against a party with the EEOC before she can sue that party under Title VII. *See* Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f)(1) ("[A] civil action may be brought against the respondent named in the [EEOC] charge ... by the person claiming to be aggrieved...."); *Johnson v. Palma*, 931 F.2d 203, 209 (2d Cir.1991). Nevertheless, a Title VII action may proceed against a defendant not named in the EEOC charge when "there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge." *Johnson*, 931 F.2d at 209; *see also McKinnon v. Kwong Wah Restaurant*, 83 F.3d 498, 505 (1st Cir.1996); *Sedlacek v. Hach*, 752 F.2d 333, 336 (8th Cir.1985).  This identity-of-interest

8

exception satisfies a Title VII purpose that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation. *See Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir.1980)." *Knowlton v. Teltrust Phones, Inc.*, 189 F.3d 1177, 1185 (10th Cir. 1999).  These factors include, "(1) whether the role of the unnamed party could have been ascertained at the time of the filing of the EEOC complaint through reasonable effort by the complainant; (2) whether the interests of a named party are so similar to the unnamed party's that it would be unnecessary to include the unnamed party in the EEOC proceedings for the purpose of obtaining voluntary conciliation and compliance; (3) whether the unnamed party's absence from the EEOC proceedings resulted in actual prejudice; and (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party." *Id.* citing, *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1241–42 (2d Cir.1995); *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1312 (10th Cir.1980).

In describing the harm, Plaintiff merely refers to Defendant Denison in passing in two instances: (1) a statement by Debra Coca as to Denison's hiring of Plaintiff, and (2) that Plaintiff reported the alleged harassment and assault to Defendant Denison.  Doc. 1-1 at 100.  In her Charge of Discrimination, Plaintiff checked the boxes for discrimination based on sex, retaliation, and other (gender identity), however, her Statement of Harm within the same document recites numerous allegations against Defendant Debra Lee Coca.  *Id.*  By contrast, in her Amended Complaint, as it relates to Defendant Denison, Plaintiff states that he (1) violated her rights by failing to adequately discipline Defendant Coca and (2) failed to adequately investigate or reconcile a reported homophobic comment.  Am. Comp. at ¶¶ 61, 71.  These allegations are not included in Plaintiff's HRB Charge of Discrimination.  See Doc. 1 at 100.   In considering the factors outlined above, while the role of Defendant Denison can be ascertained at the time of

Plaintiff's HRB filing, this Court finds the other three factors weigh against Plaintiff.  The interests of "Best Western Montezuma" are not so similar to Defendant Denison's that it would be unnecessary to include him in the HRB proceedings, especially when considering Plaintiff's unique allegations against him in the Amended Complaint.  Furthermore, Defendant Denison's absence from the HRB proceedings likely resulted in actual prejudice, given Plaintiff's additional allegations included in her Amended Complaint are not contained within the HRB Charge of Discrimination.  Am. Comp. at ¶¶ 59-61, 71; Doc. 1-1 at 100.  Nor has Defendant Denison asserted or represented to Plaintiff that he is to be represented by "Best Western Montezuma Inn."  Just because Defendant Denison was a general manager at the Best Western Montezuma Inn & Suites, this does not automatically render him an individual respondent under Title VII or the New Mexico Human Rights Act as Plaintiff asserts.  Doc. 22 at 7.  Therefore, this Court does not find the identity of interest exception is applicable as between Defendant Denison and "Best Western Montezuma Inn."

As this Court briefly discussed above, Plaintiff's references to Defendant Denison in her HRB Charge of Discrimination do not include many of the allegations in her Amended Complaint.  Plaintiff's HRB filing does not allege that specifically Defendant Denison discriminated against her on the basis of gender identity, that he failed or refused to conduct a reasonable investigation into disparate treatment, that he failed to train, instruct, or supervise employees; or that he failed to take adequate disciplinary action.  Am. Comp. at ¶¶ 59-61, 71; Doc. 1-1 at 100.  Because Plaintiff's HRB Charge of Discrimination did not include Defendant Denison as a Respondent, and even if it did, did not include the allegations in her Amended Complaint, Plaintiff failed to exhaust her administrative remedies and therefore, her claims under Counts II and III must be dismissed.  *Luboyeski*, 1994-NMSC-032, ¶ 7; *Gerald v. Locksley*, 785 F. Supp. 2d at 1110.

Moreover, even if one assumes Plaintiff's HRB Charge of Discrimination properly listed and included Defendant Denison, Plaintiff failed to exhaust her administrative remedies at other junctures as well.  Upon receiving Plaintiff's Charge of Discrimination, the HRB's Notice of Receipt, a tool to provide notice to a respondent, does not list Defendant Denison as a Respondent. Doc. 9, Ex. 2.  This failure to include Defendant Denison in a Notice of Receipt deprived him of an opportunity to be both aware of potential charges against him and to respond in his defense.

Furthermore, even if Plaintiff had included and properly filed a Charge of Discrimination against Defendant Denison, Plaintiff failed to properly serve him with notice of appeal as required by statute.  After a determination, under the NMHRA, a copy of the notice of appeal must be served on all parties at their last known address.  NMSA 1978 § 28-1-13(A).  Plaintiff failed to provide a notice of appeal as required by statute to Defendant under NMSA 1978 § 28-1-13(A).

Ultimately, "full compliance with NMHRA grievance procedures [is] a prerequisite to filing [an NMHRA] claim in district court." *Mitchell-Carr*, 127 N.M. at 287 citing, *Sabella*, 1996– NMSC–014, ¶ 9, 121 N.M. 596, 915 P.2d 901; accord *Luboyeski*, 117 N.M. at 382, 872 P.2d at 355; *Jaramillo*, 102 N.M. at 273, 694 P.2d at 529.  In liberally construing Plaintiff's Charge of Discrimination and the Amended Complaint, her claim here is limited by the scope of the administrative investigation that occurred.  Plaintiff has not fully complied with the administrative exhaustion requirements as to Count III in several ways including, (1) failing to list Defendant Denison as a Respondent in her HRB Charge of Discrimination, (2) failing to file a Charge of Discrimination against Defendant Denison, and (3) failing to include her allegations against Defendant Denison in the Amended Complaint in an HRB or EEOC Charge of Discrimination. Plaintiff does not plead facts that contain sufficient factual matter when, accepted as true, state a claim of relief that is plausible on its face.  *Iqbal*, 556 U.S. at 678.  This Court cannot draw

reasonable inferences, based on the facts pled, that Defendant is liable for the alleged misconduct.

*Id*.  Accordingly, this Court must dismiss Counts II and III.

## II.     This Court Declines to Exercise Supplemental Jurisdiction Over Remaining State Law Claims

Defendants removed this case to this Court on the basis of federal question jurisdiction, and no party has asserted diversity jurisdiction.

Plaintiff's remaining state law claims do not "turn on substantial questions of federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005).  Under the *Grable* doctrine, "a federal court [is] able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable*, 545 U.S. at 312.  That is to say, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).  Here, any "federal interest is not critical enough to trigger substantial-question jurisdiction because… whatever federal issues exist do not fundamentally change the state tort nature of the action."  *Bd. of Cnty. Commissioners of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1270 (10th Cir. 2022), cert. denied, 143 S. Ct. 1795, 215 L. Ed. 2d 678 (2023) (internal quotation marks and citation omitted).

Moreover, nothing in the record suggests that diversity jurisdiction might exist.  No party has suggested that diversity jurisdiction exists.  Defendants did not remove on the basis of diversity jurisdiction.

Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining

jurisdiction.

Furthermore, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Amer. v. Gibbs*, 383 U.S. at 726, 86 S.Ct. 1130 (footnote omitted). The Court has dismissed all claims over which it has original jurisdiction. § 1367(c). The Court, in its discretion, declines to exercise supplemental jurisdiction over the state law claims.

When declining to exercise supplemental jurisdiction, a district court may dismiss the state law claims without prejudice or remand the claims to state court. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351, 108 S. Ct. 614, 619, 98 L. Ed. 2d 720 (1988). Because this case was removed to this court from state court, the Court finds remand of the state law claims, rather than dismissal, appropriate.

### III.   Plaintiff's Request for Leave to Amend the First Amended Complaint is Denied

Plaintiff asks for leave to file a Second Amended Complaint since this Court granted Defendant Denison's Motion to Dismiss. Doc. 22 at 8. This Court denies Plaintiff's request.

Under Fed.R.Civ.P. 15(a), a party may amend its pleading more than once "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d

1196, 1204 (10th Cir. 2006) citing, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971).  Rule 15(a) provides litigants with "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."  *Id*. citing, *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir.1982).  "A proposed amendment to a pleading must accompany the motion to amend."  D.N.M. LR-Civ. 15.1.

Here, Plaintiff has not included a proposes amendment to a pleading, but rather, moves for "[a] naked request for leave to amend…as alternative relief."  *Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989).  Furthermore, a plaintiff seeking to amend a complaint "must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment before the court is required to recognize that a motion for leave to amend is before it."  *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186-87 (10th Cir. 1999).  "Without this information the district court is not required to recognize, let alone grant, a motion to amend."  *Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009).  Plaintiff has not given adequate notice of a proposed amendment and has already previously amended her Complaint.  Plaintiff's Complaint has not been dismissed based on procedural niceties nor does this Court believe it is possible Plaintiff can correct defects in her Amended Complaint.  Furthermore, there are several grounds for this Court's denial – repeated failure to cure deficiencies by previous amendments, undue prejudice to Defendants, and futility of amendment.  *Triplett v. LeFlore Cnty.*, *Okl.*, 712 F.2d 444, 446 (10th Cir. 1983) citing, *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 230 (1962).  Therefore, this Court denies Plaintiff's request for leave to amend.

## CONCLUSION

For the reasons stated above, the Court grants in part Defendant Troy Denison's Motion to Dismiss on Plaintiff's New Mexico Human Rights Act and Title VII of the Civil Rights Act of

14

1964 claims (Counts II and III).  The Court declines to exercise supplemental jurisdiction over the remaining state law claims, and remands those claims to the Fourth Judicial District Court, San Miguel County, New Mexico.

**IT IS THEREFORE ORDERED** that Defendant Troy Denison's Motion to Dismiss (Doc. 10) is hereby **GRANTED IN PART** as described above.

**IT IS FINALLY ORDERED** that the Court declines to exercise supplemental jurisdiction over the remaining state law claims against Defendant and **REMANDS** those state law claims (Count I) to the Fourth Judicial District Court, San Miguel County, New Mexico.  The Clerk of the Court is directed to take the necessary actions to remand the case.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE