# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOAN PAUL HIX,
(F.K.A. JOHN PAUL HIX)

      Plaintiff,

      v.                             No. 1:24-cv-00175-KWR-JFR

SKS DEVELOPMENT LLC d/b/a
BEST WESTERN PLUS MONTEZUMA INN & SUITES;
TROY DENISON, in his official capacity;
DEBBIE COCA, in her individual and official capacities

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant Coca's Motion to Dismiss Plaintiff's First Amended Complaint, filed April 22, 2024.[1]  Doc. 31.  On May 30, 2024, this Court converted Defendant Coca's Motion to Dismiss as it related to the issues of service of process and administrative exhaustion under Fed. R. Civ. P. 56 to a motion for summary judgment.  Doc. 38. Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendant Coca's Motion to Dismiss is well-taken and, therefore, is **GRANTED IN PART**.  The Court dismisses Counts II and III.  However, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and remands those claims to state court.

---

[1] Defendant Coca asserts her name is Debra Lee Coca, not Debbie Coca.  As such, this Court will refer to her as Debra Lee Coca.

## BACKGROUND AND FACTS[2]

This case is an employment discrimination dispute arising out of Plaintiff's employment with Defendant, Best Western Plus Montezuma Inn & Suites, a private hotel in Las Vegas, New Mexico, owned and operated by SKS, a domestic for-profit limited liability company whose members and owners are private individuals.  Defendant's Undisputed Material Fact ("UMF") 1 citing, Doc. 40, Ex. 1.  Best Western Plus Montezuma Inn & Suites is not its own business entity, but rather SKS does business as Best Western Plus Montezuma Inn & Suites.  *Id*.

Plaintiff was hired in December 2020 to work in the housekeeping department of Best Western Plus Montezuma Inn & Suites.  Defendant's UMF 2 citing, Doc. 40, Ex. 3-5.  Plaintiff was terminated on or about January 4, 2021.  Doc. 1, Ex. 1, Am. Comp., ¶¶19, 29.  Following her termination, Plaintiff consulted with New Mexico Legal Aid staff and attorneys on January 22, 26, 27, and February 1, 2021, regarding this case.  Defendant's UMF 3 citing, Doc. 40, Ex. 6.  Following her consultation with the New Mexico Legal Aid, Plaintiff filed a Charge of Discrimination with the New Mexico Department of Workforce Solutions, Human Rights Bureau ("HRB") and the U.S. Equal Employment Opportunity Commission ("EEOC") on February 2, 2021.  Defendant's UMF 4 citing, Doc. 40, Ex. 7.  Plaintiff named "Best Western Montezuma Inn" as the employer and Respondent in her Charge of Discrimination, alleging discrimination based on sex, retaliation, and gender identity.  *Id*. citing Ex. 8.

On February 9, 2021, the HRB sent a notice regarding Plaintiff's Charge of Discrimination addressed to "Best Western Headquarters", identifying "Best Western Montezuma Inn" as the sole Respondent.  Defendant's UMF 5 citing, Exs. 9-10.  On April 20, 2021, the HRB sent a notice of its investigation of Plaintiff's Charge of Discrimination and requested responsive information from

---

[2] As a result of the conversion under Rule 56, the parties submitted supplemental briefs which included statements of undisputed material facts as they relate to the issues of service of process and administrative exhaustion.

"Best Western Montezuma Inn." *Id.* Following its investigation, on January 5, 2022, the HRB issued a Letter of Determination, finding no probable cause as to Plaintiff's allegations of disparate treatment based on sex, harassment, and retaliation against Best Western Montezuma Inn. Defendant's UMF 6 citing, Ex. 11; Doc. 9, Ex. 3. The HRB's Letter of Determination instructed, "If you do not file a notice of appeal with the appropriate district court within ninety days of service on you of this determination and properly serve the notice of appeal, as required by § 28-1-13, your notice of appeal may not be considered by the court." *Id.*

Plaintiff subsequently filed suit against "Best Western Montezuma Inn," Troy Denison, and "Debbie Coca," in the Fourth Judicial District Court, County of San Miguel, New Mexico on April 6, 2022. Defendant's UMF 7 citing, Ex. 12. Defendant Coca's legal name is Debra Lee Coca. Defendant's UMF 8 citing, Ex. 13.[3]

Defendant claims Plaintiff never served the original Complaint on her in a manner recognized by the New Mexico Rules of Civil Procedure prior to obtaining default judgment against "Debbie Coca." Defendant's UMF 9, Doc. 40 at 6 citing, Ex. 13, ¶¶ 11-12, Ex. 14. Defendant claims the state court set aside judgment because none of the Defendants had been properly served. *Id.* citing Exs. 15 and 16. Plaintiff disputes this and claims that "her process server properly served substantially the same Defendants, operating from **the identical physical location** with a Debbie (*sic*) Coca, with a copy of her original Complaint for Employment Discrimination." Doc. 44 at 4. Plaintiff states "The returns clearly demonstrate that Christina Navarrete, Best Western on-duty and front desk **Manager** accepted service for all three named

---

[3] Plaintiff does not dispute Defendant's undisputed facts 1-8, 10, 13-14. Doc. 44 at 4-5.

Defendants, including Coca, at the location of 2020 North Grand Ave, Las Vegas, NM 87701."
*Id*. at 5.[4]

Plaintiff never served notice on the HRB of her appeal of the HRB's January 5, 2022, Letter of Determination.  Defendant's UMF 10 citing, Doc. 40, Ex. 17.

Plaintiff filed her Amended Complaint on February 19, 2024, adding additional claims against "Debbie Coca" not in the original Complaint, including a claim for tortious assault. Defendant's UMF 11 citing, Register of Actions in case No. D-412-CV-2022-00079, Exhibit 12, with Am. Compl., Exhibit 3, Count IV ¶¶ 74-78.  Plaintiff served the Amended Complaint on Defendant Coca on April 11, 2024.  *Id*. citing, Doc. 40, Ex. 18.

Defendant Coca worked at the Best Western Plus Montezuma Inn & Suites from approximately 2017 through April 2023.  Defendant's UMF 12 citing, Coca Dec., Ex. 13, ¶¶ 4-5. In December 2020 and January 2021, Defendant Coca was a kitchen manager who filled in on occasion to supervise housekeeping when the housekeeping supervisor, Elaine Gonzales, was off duty.  *Id*. citing, Denison Dec., Ex. 4 ¶¶ 15, 26; Coca Dec., Ex. 13, ¶¶ 4-5.  (Plaintiff responds with argument and states she is without sufficient information to rebut or deny, and therefore, denies this.  Plaintiff requests further discovery pursuant to Fed. R. Civ. P. 56(d)).[5]  Although Defendant

---

[4] This Court finds Plaintiff argues but does not genuinely dispute Defendant's assertion that service of process of the original Complaint did not comply with the New Mexico Rules of Civil Procedure.

[5] In response to a summary judgment motion, a non-moving party may request further discovery by showing via affidavit or declaration that without it, "it cannot present facts essential to justify its opposition[.]" *Gutierrez v. Cobos*, 841 F.3d 895, 907-08 (10th Cir. 2016) citing, Fed. R. Civ. P. 56(d).  "The court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *Id*.  A non-movant must specify "(1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment." *Id*. citing, *Birch v. Polaris Indus.*, Inc., 812 F.3d 1238, 1249 (10th Cir. 2015).  Here, Plaintiff denies Defendant's asserted fact without genuinely disputing through citation to the record, instead requesting further discovery.  Plaintiff, however, fails to explain using the above criteria why this Court should order narrowly tailored discovery with regard to this issue.  Plaintiff has also failed to file an affidavit or declaration explaining why she cannot present facts to justify her opposition, as required by Rule 56(d). Plaintiff therefore did not carry her burden under Rule 56(d).  The Court notes that Plaintiff did not object to the Court converting this matter to summary judgment under Rule 12(d).  The Court converted this matter because both parties referred to evidence outside of the complaint.

Coca was made aware that Plaintiff had filed a Charge of Discrimination against Best Western Plus Montezuma Inn & Suites, she was told the charge was dismissed.  Defendant's UMF 13 citing, Coca. Dec., Exhibit 13, ¶¶ 9-11, 13-14.  Defendant Coca never received correspondence from the HRB regarding Plaintiff's Charge of Discrimination, and never received notice of suit until served with the Amended Complaint on April 11, 2024.  *Id*.  During her time working at Best Western Plus Montezuma Inn & Suites, Defendant Coca was not employed in any way by the government – she was not paid by the government, she did not act as a government agent, she did not contract with the government as a part of her employment, and she was not supervised by a government agency or agent.  Defendant's UMF 14 citing, Coca Dec., Ex. 13, ¶ 6.

The First Amended Complaint has been properly served on all named Defendants, with an extra copy of the current appeal served on the New Mexico Human Rights Bureau.  Plaintiff's UMF A citing, Doc. 1-1 at 229, Ex. D.  The State District Court, prior to removal, accepted jurisdiction and wished to proceed to a scheduling conference, mediation, and resolution on the merits.  Plaintiff's UMF B citing, Ex. B.  Plaintiff asserts Defendants accepted jurisdiction in the United States District Court for the District of New Mexico through removal from the New Mexico State Court and filing answers to the First Amended Complaint.  Doc. 44 at 5-6.  Defendant disputes this by stating that Defendant Coca was not yet a party to the suit at the time of removal since she was not served until April 11, 2024.  Doc. 46 at 9.  Plaintiff complained to General Manager Denison about Defendant Coca's offensive statements, scrutiny, and abuse, yet corrective action was not taken.  Plaintiff's UMF D citing, Doc. 22-1 at 21.[6]

---

[6] Defendant argues that Plaintiff's assertions in Plaintiff's UMFs A-D are immaterial to the instant motion.  Doc. 46 at 7-9.  Namely, (1) whether Amended Complaint was properly served is immaterial to the failure to serve the original Complaint, (2) the state court's acceptance of jurisdiction is irrelevant to the motion at issue, (3) removal to federal court does not preclude this Court from having jurisdiction to rule on the motions to dismiss at issue, and (4) Plaintiff's possible complaints are irrelevant to this motion.  *Id*.  This Court agrees.

5

Following the HRB's determination, Plaintiff sued Defendants in state court and filed an Amended Complaint on February 19, 2024, alleging against all Defendants violations of Article II, § 18 of the New Mexico Constitution; the New Mexico Human Rights Act; and Title VII of the Civil Rights Act of 1964.  Plaintiff also alleges tortious assault against Defendant Coca.  Doc. 1-1, Am. Comp. at 7-13.  Defendants SKS and Troy Denison removed this case to this Court.  Doc. 1.  Defendant Coca seeks to dismiss all claims for failure to state a claim under Fed.R.Civ.P. 12(b)(6).

## LEGAL STANDARD

Rule 12(b)(6) permits the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  Conclusory allegations of liability, without supporting factual content, are insufficient.  "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).  All well-pleaded factual allegations are "viewed in the light most favorable to the nonmoving party."  *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014).

In ruling on a motion to dismiss, "a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable."  *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th

Cir. 2011). The Court must draw all reasonable inferences in Plaintiff's favor. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). However, mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555.

Under Rule 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). "Under Rule 12(d), a court has broad discretion whether to accept material beyond the pleadings or to refuse to accept extra-pleading materials and resolve the motion solely on the pleading itself." *Delopez v. Bernalillo Pub. Sch.*, No. CV 19-735 JCH-KK, 2021 WL 873354 at * 2 (D.N.M. Mar. 9, 2021) citing, *Lowe v. Town of Fairland, Okl.*, 143 F.3d 1378, 1381 (10th Cir. 1998). "A Rule 12(b)(6) motion must be treated as a motion for summary judgment if matters outside the pleading are presented to and not excluded by the Court." *Hartleib v. Weiser L. Firm, P.C.*, 861 F. App'x 714, 719 (10th Cir. 2021).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it could have an effect on the outcome of the suit. *See Smothers v. Solvay Chemicals, Inc.*, 740 F.3d 530, 538 (10th Cir. 2014). "A dispute over a material fact is genuine if a rational jury could find in favor of the nonmoving party on the evidence presented." *Id*. (quoting *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013)).

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Shapolia v. Los Alamos Nat. Lab'y*, 992 F.2d 1033, 1036 (10th Cir. 1993). Once the moving party meets its initial burden, the non-movant cannot "rest on the pleadings[,]

but must set forth specific facts by reference to affidavits, deposition transcripts, or other exhibits to support the claim." *See Serna v. Colorado Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial," and the moving party will be entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

On summary judgment, a court is to view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *See Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007). A court cannot weigh the evidence and determine the truth of the matter, but instead, must determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

## ANALYSIS

### I.  Counts II and III Are Dismissed for Failure to Exhaust Administrative Remedies

Defendant moves to dismiss Plaintiff's claims asserted under Counts II and III, arguing Plaintiff failed to exhaust her administrative remedies. Doc. 31 at 11. On May 30, 2024, this Court converted Defendant's Motion to Dismiss under Rule 12(b)(6) as it related to administrative exhaustion via Rule 12(d) to a motion for summary judgment under Rule 56, because both parties requested that the Court consider evidence outside of the complaint. Plaintiff did not object to the conversion under Rule 12(d). Although Plaintiff summarily requested Rule 56(d) discovery, as explained above Plaintiff did not satisfy the requirements for Rule 56(d) discovery. This Court agrees with Defendant; Counts II and III must be dismissed for failure to exhaust administrative remedies.

A plaintiff's exhaustion of administrative remedies is a non-jurisdictional precedent to suit. *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1182-85 (10th Cir. 2018). "Although the filing of an

EEOC charge is not jurisdictional, it is a statutory requirement, and if a plaintiff fails to comply with it, an employer may raise failure to exhaust as an affirmative defense." *Clark v. 10 Roads Express, LLC*, No. 23-3067, 2023 WL 6997397 *1 (10th Cir. Oct. 24, 2023) citing, *Id*. "Title VII creates a work-sharing deferral system between the EEOC and the states that have their own employment discrimination legislation." *Gerald v. Locksley*, 785 F. Supp. 2d 1074, 1088 (D.N.M. 2011) citing, 42 U.S.C. § 2000e–5(c), (d). "In the states that possess their own employment discrimination legislation, the EEOC must generally "defer" to state or local remedies." *Id*. citing, *EEOC v. Superior Temp. Servs., Inc.*, 56 F.3d 441, 447 (2d Cir.1995). "The NMHRA places New Mexico among those states that have their own employment discrimination legislation and contact agencies." *Id*. citing, 29 C.F.R. § 1601.74 (2005). "In New Mexico, a complainant can, upon meeting filing requirements, proceed with his or her grievance either through the EEOC or through the New Mexico Human Rights Division ("NMHRD")." *Id*. citing, *Mitchell–Carr v. McLendon*, 127 N.M. 282, 286–87, 980 P.2d 65, 69–70 (1999). Once a person proceeds with a complaint under state law, the New Mexico Human Rights Act controls the grievance procedure. *Id*. citing, *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. at 109, 122 S.Ct. 2061. The New Mexico Human Rights Act allows individuals to bring suit in an appropriate district after exhausting administrative remedies. *Luboyeski v. Hill*, 117 N.M. at 382, 872 P.2d at 355. To bring suit under the NMHRA in a district court, a plaintiff must exhaust administrative remedies as to all defendants named in the lawsuit. *Luboyeski*, 117 N.M. at 383, 872 P.2d at 356.

Title VII prohibits an employer from "fail[ing] or refus[ing] to hire or ... discharg[ing] any individual, or otherwise ... discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). "Under long-standing [Tenth

9

[C]ircuit precedent, supervisors and other employees may not be held personally liable under Title VII." *Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1083 n. 9 (10th Cir.2007). *See Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir.1996).

To exhaust administrative remedies under the New Mexico Human Rights Act, a complainant must first file a written charge of discrimination. Under N.M. Stat. Ann. § 28-1-10, "[a] person claiming to be aggrieved by an unlawful discriminatory practice and a member of the commission who has reason to believe that discrimination has occurred may file with the human rights division of the labor department a written complaint that shall state the name and address of the person alleged to have engaged in the discriminatory practice, all information relating to the discriminatory practice and any other information that may be required by the commission. All complaints shall be filed with the division within three hundred days after the alleged act was committed." Following the filing of a charge of discrimination, "[t]he director shall advise the respondent that a complaint has been filed against the respondent and shall furnish the respondent with a copy of the complaint." *Id*. Once a determination is made, under the NMHRA, "a person can only appeal from an order of the Division…[and] the person who filed the complaint may request, and shall receive, an order of nondetermination, which he or she may appeal to the district court for a trial de novo under Sec. 28-1-13(A). An order of nondetermination signals that the person who filed the complaint has fully complied with the NMHRA grievance procedures and may proceed to court." *Mitchell-Carr v. McLendon*, 1999-NMSC-025, 127 N.M. 282, 980 P.2d 65 citing, Section 28–1–13(A). "[F]ull compliance with NMHRA grievance procedures [is] a prerequisite to filing [an NMHRA] claim in district court." *Id*. citing, *Sabella*, 1996–NMSC–014, ¶ 9, 121 N.M. 596, 915 P.2d 901; accord *Luboyeski*, 117 N.M. at 382, 872 P.2d at 355; *Jaramillo*, 102 N.M. at 273, 694 P.2d at 529. "[T]he district court must dismiss an NMHRA claim if the

prerequisites of obtaining an order from the Division and appealing that order within thirty days are not satisfied." *Id*. citing, *Jaramillo*, 102 N.M. at 273, 694 P.2d at 529.

 "A plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue-letter." *Sanderson v. Wyo. Highway Patrol*, 976 F.3d 1164, 1170 (10th Cir. 2020).  "This exhaustion requirement serves "two principal purposes: 1) to give notice of the alleged violation to the charged party; and 2) to give the EEOC an opportunity to conciliate the claim, which effectuates Title VII's goal of securing voluntary compliance."" *Clark v. 10 Roads Express*, LLC, No. 23-3067, 2023 WL 6997397 *1 (10th Cir. Oct. 24, 2023) citing, *Smith v. Cheyenne Ret. Inv. L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018).  "To advance these purposes[,] a plaintiff's claim in court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *Id*. citing, *Sanderson*, 976 F.3d at 1170. "We liberally construe charges filed with the EEOC in determining whether administrative remedies have been exhausted as to a particular claim." *Jones v. United Parcel Serv., Inc.*, 502 F.3d 1186.

Under *National Railroad Passenger Corp. v. Morgan*, each discrete act of discrimination must be administratively exhausted.  "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify.  Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. at 114, 122 S.Ct. 2061.  Therefore, in balancing liberally construing discrimination charges and the exhaustion requirements, "[a] plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC ...."

We emphasize, however, that our inquiry is limited to the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory acts alleged in the administrative charge. In other words, the charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim; this follows from the rule that "each discrete incident" of alleged discrimination of retaliation "constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted." *Jones v. United Parcel Service*, 502 F.3d at 1186.

Here, this Court finds Plaintiff failed to exhaust her administrative remedies in several ways as to Counts II and III prior to the filing of this suit upon Defendant's assertion of this affirmative defense.  Doc. 1, Ex. 1, at 102-56, Doc. 31 at 11-14; *Smith*, 904 F.3d at 1164.

First, while Courts are required to liberally construe charges of discrimination, it is undisputed that Plaintiff never filed an HRB Charge of Discrimination against Defendant Coca – a requirement of administrative exhaustion. *See Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 10 127 N.M. 282, 980 P.2d 65 citing, *Luboyeski*, 117 N.M. at 382; *see also Lobato v. State Env't Dept.*, 267 P.3d 65, 68 (N.M. 2011) ("NMHRA creates a cause of action against individuals, which necessarily requires the naming of these individuals in the administrative complaint, and requires administrative exhaustion against these individuals as a prerequisite to judicial remedies."). Plaintiff listed "Best Western Montezuma Inn" as the Respondent on her form – not Defendant Coca.  In her Statement of Harm within the HRB Charge of Discrimination filing, Plaintiff refers to Defendant Coca in several instances.  Plaintiff states "[m]y supervisor Debi remarked that she was surprised that the General Manager Troy had hired me because he doesn't usually hire male housekeepers.  I am a transgender woman.  Debi subjected me to disparate terms and conditions than the other housekeepers.  I was made to scrub the floor by hand.  The other housekeepers were allowed to use swiffers.  Debi harassed me and was critical of my work.  There was discussion

among the staff that Debi was "picking on John". When I was supervised by Elaine I received no negative feedback about my work…On 1/3/2021 Debi followed me into a room and yelled at me, calling me stupid. I was making a bed, and Debi backed me into the bed and raised her clipboard towards me. I reported the harassment and assault to Elaine, Christina and Troy." Doc. 1-1 at 100. While Plaintiff lists incidents with "Debi," presumably Defendant Debra Lee Coca, Plaintiff did not list her as a Respondent, file a separate HRB Charge of Discrimination against her, or even list her last name in the HRB filing she did submit. *Id*. Furthermore, Defendant asserts and this Court agrees that because Plaintiff had consulted with New Mexico Legal Aid prior to filing her Charge of Discrimination, she does not qualify as an "unwary plaintiff" according to the New Mexico Supreme Court. *Muffoletto v. Christus St. Vincent Reg'l Med. Ctr.*, 157 F. Supp. 3d 1107, 1114 (D.N.M. 2015); UMFs 3-4. Accordingly, this Court finds Plaintiff failed to exhaust her administrative remedies against Defendant Coca through her failure to file a Charge of Discrimination against Defendant.

Second, even if Plaintiff's HRB Charge of Discrimination properly included Defendant Coca, when the HRB served notice of Plaintiff's Charge of Discrimination, it only did so and requested a response from one Respondent – Best Western Montezuma Inn. Defendant's UMF 5. HRB's Notice does not list Ms. Coca as a Respondent. Doc. 9, Ex. 2. Defendant Coca was not served with, nor did she receive notice of a Charge of Discrimination against her, and therefore, never filed a Response. Doc. 9, Exs. 2, 3. N.M. Stat. Ann. § 28-1-10 requires that a respondent receive notice of a complaint against him or her. Here, this lack of notice deprived Defendant Coca of an opportunity to respond in her defense. Because a Charge of Discrimination was never filed against Defendant Coca, she never received notice of the allegations against her, and therefore, is a second defect in the administration exhaustion process.

After a determination, under the NMHRA, a copy of the notice of appeal must be served on all parties at their last known address.  NMSA 1978 § 28-1-13(A); *see also* Doc. 9, Ex. 3. Furthermore, a notice of appeal must be served at the division in Santa Fe.  *Id*.  In this case, before removal to this Court, the state court set aside entry of default judgment, finding that service of process on Defendants was improper.  *See* Order Granting Defendants' Motion to Set Aside Default Judgment, Doc. 1, at 213-14; *see also* Log Notes from 1/30/2024 Hearing Transcript, Doc. 1 at 212; *Harris v. Ericson*, 457 F.2d 765, 766-67 (10th Cir. 1972).  Here, even if Plaintiff properly filed a Charge of Discrimination and Defendant Coca received notice, Plaintiff failed to properly serve her original Complaint on Defendant Coca – a requirement for administrative exhaustion under NMSA 1978 § 28-1-13(A).  UMFs 7, 9.

Even if Plaintiff had filed a Charge of Discrimination, notice was served, and a copy of the notice of appeal was sent to Defendant Coca, Plaintiff did not, as required by law, provide proper notice under the NMHRA to the HRB of her decision to appeal its Letter of Determination.  Doc. 35 at 10 citing, IPRA Request and Response, attached to Notice of Removal [Doc. 1] as pp. 155-156 of Exhibit 1 [Doc-1-1]; NMSA 1978, § 28-1-13(A); *Harris v. Ericson*, 457 F.2d 765, 766-67 (10th Cir. 1972).

Ultimately, "full compliance with NMHRA grievance procedures [is] a prerequisite to filing [an NMHRA] claim in district court." *Mitchell-Carr*, 127 N.M. at 287 citing, *Sabella*, 1996–NMSC–014, ¶ 9, 121 N.M. 596, 915 P.2d 901; accord *Luboyeski*, 117 N.M. at 382, 872 P.2d at 355; *Jaramillo*, 102 N.M. at 273, 694 P.2d at 529.  Plaintiff asserts argument, stating that because Defendants were properly served with the Amended Complaint, in addition to res judicata, issue preclusion, and "consciously concealing", that Plaintiff administratively exhausted her remedies. Doc. 44 at 8-9.  This Court disagrees and finds such arguments do not create genuine disputes of

material fact.  Because Plaintiff has not complied with the administrative exhaustion requirements in several ways including, (1) failing to list Defendant Coca as a Respondent in her Charge of Discrimination, (2) failing to file a Charge of Discrimination against Defendant Coca, (3) Defendant Coca's lack of notice of the charges against her, (4) failing to serve a notice of appeal on Defendant Coca, (5) the absence of an HRB Letter of Determination against Defendant Coca; and (6) failure to notify the HRB of her appeal as required by law, this Court must dismiss Counts II and III.  *Luboyeski*, 1994-NMSC-032, ¶ 7; *Gerald v. Locksley*, 785 F. Supp. 2d at 1110.  This Court finds there is no genuine dispute of material fact, and Defendant is entitled to judgment as a matter of law.

## II.  This Court Declines to Exercise Supplemental Jurisdiction Over Remaining State Law Claims

Defendants removed this case to this Court on the basis of federal question jurisdiction, and no party has asserted diversity jurisdiction.

Plaintiff's remaining state law claims do not "turn on substantial questions of federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005).  Under the *Grable* doctrine, "a federal court [is] able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable*, 545 U.S. at 312.  That is to say, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).  Here, any "federal interest is not critical enough to trigger substantial-question jurisdiction because… whatever federal issues exist do not fundamentally change the state tort nature of the action." *Bd. of Cnty. Commissioners of Boulder*

15

*Cnty. v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1270 (10th Cir. 2022), cert. denied, 143 S.

Ct. 1795, 215 L. Ed. 2d 678 (2023) (internal quotation marks and citation omitted).

Moreover, nothing in the record suggests that diversity jurisdiction might exist.  No party

has suggested that diversity jurisdiction exists.  Defendants did not remove on the basis of diversity

jurisdiction.

Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental

jurisdiction over a claim if:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining

jurisdiction.

Furthermore, "[n]eedless decisions of state law should be avoided both as a matter of

comity and to promote justice between the parties, by procuring for them a surer-footed reading of

applicable law. Certainly, if the federal claims are dismissed before trial, even though not

insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine*

*Workers of Amer. v. Gibbs*, 383 U.S. at 726, 86 S.Ct. 1130 (footnote omitted).  The Court has

dismissed all claims over which it has original jurisdiction.  § 1367(c).  The Court, in its discretion,

declines to exercise supplemental jurisdiction over the state law claims.

When declining to exercise supplemental jurisdiction, a district court may dismiss the state

law claims without prejudice or remand the claims to state court.  *Carnegie-Mellon Univ. v. Cohill*,

484 U.S. 343, 351, 108 S. Ct. 614, 619, 98 L. Ed. 2d 720 (1988).  Because this case was removed

to this court from state court, the Court finds remand of the state law claims, rather than dismissal,

appropriate.

### III.   This Court Denies Plaintiff's Request for Leave to Amend the First Amended Complaint

Plaintiff asks for leave to file a Second Amended Complaint since this Court has not denied Defendant's Motion.  Doc. 34 at 8-9.  This Court denies Plaintiff's request.

Under Fed.R.Civ.P. 15(a), a party may amend its pleading more than once "only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2).  "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) citing, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971).  The purpose of Rule 15(a) is to provide litigants with "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Id*. citing, *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir.1982). "A proposed amendment to a pleading must accompany the motion to amend."  D.N.M. LR-Civ. 15.1.

Here, Plaintiff has not included a proposed amendment to a pleading, but rather, moves for "[a] naked request for leave to amend…as alternative relief." *Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989).  Furthermore, a plaintiff seeking to amend a complaint "must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment before the court is required to recognize that a motion for leave to amend is before it." *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186-87 (10th Cir. 1999).  "Without this information the district court is not required to recognize, let alone grant, a motion to amend." *Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009).  Plaintiff has not given adequate notice of a proposed amendment and has already previously amended her Complaint. Plaintiff's Complaint has not been dismissed based on procedural niceties nor does this Court

believe it is possible Plaintiff can correct defects in her Amended Complaint.  Furthermore, there are several grounds for this Court's denial – repeated failure to cure deficiencies by previous amendments, undue prejudice to Defendants, and futility of amendment.  *Triplett v. LeFlore Cnty.*, *Okl.*, 712 F.2d 444, 446 (10th Cir. 1983) citing, *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 230 (1962).  Therefore, this Court denies Plaintiff's request for leave to amend.

## IV.    This Court Declines to Award Attorneys Fees

Defendant Coca argues Plaintiff's claims against her are meritless and frivolous because Plaintiff (1) failed to properly name Ms. Coca in the Original and Amended Complaints; (2) serve the Complaint and Summons on Ms. Coca within the time required by Rule 4(m); and (3) asserts claims without a valid basis in law or fact.  Doc. 34 at 20.

This Court declines to award attorneys fees.  Defendant Coca fails to cite explicit statutory authority under which she is entitled to attorneys fees.  Furthermore, Defendant Coca argues that the claims against her are groundless, unreasonable, and frivolous.  *See* Doc. 34 at 21 citing, *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 422-23 (2016) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)).  In this Court's discretion, Plaintiff's claims against Defendant Coca do not rise to a level of frivolity necessitating an award of attorneys fees.

## CONCLUSION

For the reasons stated above, the Court grants in part Defendant Coca's Motion to Dismiss on Plaintiff's New Mexico Human Rights Act and Title VII of the Civil Rights Act of 1964 claims (Counts II and III).  The Court declines to exercise supplemental jurisdiction over the remaining state law claims, and remands those claims to the Fourth Judicial District Court, San Miguel County, New Mexico.

**IT IS THEREFORE ORDERED** that Defendant Coca's Motion to Dismiss (Doc. 31) is hereby **GRANTED IN PART** as described above.

**IT IS FINALLY ORDERED** that the Court declines to exercise supplemental jurisdiction over the remaining state law claims against Defendant and **REMANDS** those state law claims (Counts I and IV) to the Fourth Judicial District Court, San Miguel County, New Mexico.  The Clerk of the Court is directed to take the necessary actions to remand the case.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE